IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 11-cv-02009-LTB


OLOYEA D. WALLIN,

      Applicant,

v.

VINCE EVERETT, Warden, KCCC, and
COLORADO ATTORNEY GENERAL OFFICE,

      Respondents.

---

ORDER DENYING MOTION FOR RECONSIDERATION
PURSUANT TO FED. R. CIV. P. RULE 59

---

Before the Court is the "Motion for Reconsideration Pursuant to Fed. R. Civ. P. Rule 59" that Plaintiff, Oloyea D. Wallin, a *pro se* prisoner litigant, filed on November 8, 2011. Mr. Wallin seeks reconsideration of the Order entered on October 24, 2011, dismissing the instant action. The Court must construe the Motion liberally because Mr. Wallin is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

The Court dismissed the action because Mr. Wallin failed to file his claims on a Court-approved form used for filing 28 U.S.C. §2254 actions within the time allowed. The action was dismissed without prejudice. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a

motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment.  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990).  The Motion for Reconsideration was filed within twenty-eight days of the final judgment in this action.  *See* Fed. R. Civ. P. 6(a).  The Motion, therefore, properly is filed pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Mr. Wallin asks the Court to reinstate this action because he submitted a proper Court-approved § 2254 application form within the time allowed.  He contends that he placed the form in the inmate legal mail at Kit Carson Correctional Facility on September 23, 2011, and in accordance with the inmate mailbox rule the application is considered filed when he handed the application to prison staff.

2

The mailbox rule states that an inmate who places a habeas petition "in the prison's internal mail system will be treated as having 'filed' [the petition] on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir.2005) (citing *Houston v. Lack,* 487 U.S. 266, 276 (1988)).  "However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id.* (citing *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143 (10th Cir.2004)).  In order to establish a timely filing, an inmate must either (1) prove that he made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal mail system is not available, prove timely use of the prison's regular mail system by submitting a notarized statement or a declaration under penalty of perjury indicating the date on which the document was given to prison officials for mailing.  *Id.* (citing *Ceballos–Martinez,* 387 F.3d at 1144–45).

Mr. Wallin has attached a prison form titled "Outgoing Restricted Inspection Mail Log" that lists three pieces of mail that were received by prison staff and mailed for Mr. Wallin on September 23, 2011.  No other pieces of mail submitted by other inmates for September 23, 2011, are indicated on the form and no information regarding the name of the facility, the living unit, and the month/year are noted on the form where the information is required.  The Mail Log lacks authenticity.  Mr. Wallin, therefore, fails to meet his burden of proof that he made timely use of the prison's legal mail system.

The Court concludes that Mr. Wallin fails to demonstrate some reason why the Court should alter or amend the October 24 Order of Dismissal in this action.  Mr. Wallin should note, however, that the action was dismissed without prejudice.  If he desires to proceed with his claims he may do so by filing a new action.  Accordingly, it is

3

ORDERED that Mr. Wallin's Motion for Reconsideration Pursuant to Fed. R. Civ. P. Rule 59 (Doc. No. 11) is denied.  It is

FURTHER ORDERED that Motion for Stay and Abeyance (Doc. No 10) is denied as moot.

DATED at Denver, Colorado, this __17th__ day of __November__, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court

4