IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02009-BNB

DONALD OLOYEA WALLIN, a.k.a. OLOYEA WALLIN,

      Applicant,

v.

VINCE EVERETT, Warden of KCCC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

## ORDER OF DISMISSAL

I.  Background

      Applicant, Donald Oloyea Wallin, a.k.a. Oloyea Wallin, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Four Mile Correctional Center in Cañon City, Colorado.  Mr. Wallin, acting *pro se*, initiated this action by filing a Motion for Stay and Abeyance of the action until the state courts complete a collateral review in his state criminal case.  Magistrate Judge Boyd N. Boland entered an order on August 9, 2011, instructing Mr. Wallin that the Motion for Stay and Abeyance was deficient and to file his claims on the Court-approved form used in filing 28 U.S.C. § 2254 actions.  The action was dismissed on October 24, 2011, because Mr. Wallin failed to submit his claims on a Court-approved form within the time allowed.  Mr. Wallin filed two motions to reconsider.  In the second motion to reconsider, Mr. Wallin submitted sufficient evidence to establish that he had used the

prison legal mail system to submit his claims on a Court-approved form within the time allowed. The dismissal and judgment were vacated.

In the Application, Mr. Wallin raises twenty-two claims challenging the validity of his conviction and sentence in Arapahoe County District Court Case No. 03CR2296. Magistrate Judge Boland entered an order on January 12, 2012, directing Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On February 1, 2012, Respondents filed a Pre-Answer Response. Mr. Wallin filed a Reply on March 29, 2012. He also has filed a second Motion for Stay and Abeyance of this action until the state courts complete the collateral review of his state criminal case.

II. Analysis

The Court must construe Mr. Wallin's Application, Motion for Stay and Abeyance, and Reply liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court finds the action is timely but will dismiss the action without prejudice as a mixed petition.

A. 28 U.S.C. § 2244(d) Time-Bar

Respondents concede that Mr. Wallin's Application is timely under 28 U.S.C. § 2244(d). Mr. Wallin, however, disagrees with Respondents' calculations on the amount of time that is not tolled for purposes of 28 U.S.C. § 2244(d). Respondents contend that 131 days have run against the one-year time limitation under § 2244(d).

Mr. Wallin argues that Respondents miscalculated the time because the time should be tolled for the forty-five days he is allowed to file a direct appeal, even though he did not, and for the ninety days he is allowed to file a petition for certiorari review in the United States Supreme Court. Mr. Wallin concludes that no time has run against the one-year time limitation.

First, Mr. Wallin's argument is flawed because the ninety days is available only after Mr. Wallin has sought certiorari review in the state court. *Locke v. Saffle*, 237 F.3d 1269 (10th Cir. 2001). The ninety days would not extend the time after Mr. Wallin was allowed the forty-five days to file a direct appeal. *See id.* at 1273 (additional time allotted only applies "following a decision by the state court of last resort.")

Second, Respondents assert, and Mr. Wallin does not disagree, that his conviction was final on April 7, 2008, when the forty-five days ran to file a direct appeal. Tolling does not apply after the time to appeal expires but before a motion to appeal out of time is filed. *See Gibson v. Klinger*, 232 F.3d 799, 807 (10th Cir. 2000). Consequently, the time from April 8, 2008, the day after time expired to file an appeal, until May 29, 2008, *see* Pre-Answer Resp., Ex. A (Doc. No. 21-1) at 16, the day prior to Mr. Wallin's motion to file a late appeal, 52 days ran against the one-year time limitation under § 2244(d). Therefore, even though the Application is timely, at least 52 days have run against the one-year time limitation.

B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's

rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citation omitted). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition

4

unless state court remedies have been exhausted for all of the claims raised.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents contend that only Claim Two is exhausted.  They further assert that Claims Four through Twenty-Two were raised in one of Mr. Wallin's postconviction motions and are pending on appeal, and Claims One and Three, although raised on direct appeal, are not exhausted because they were not presented as federal constitutional claims.  Respondents further contend that Claims Twenty-One and Twenty-Two are not properly before this Court and Claims One, Three, Four, Five, Seven through Fifteen, and Seventeen through Twenty and possibly Six and Sixteen, are procedurally defaulted.

Mr. Wallin concedes that Claims Four through Twenty-Two are pending in the Colorado Court of Appeals (CCA), but argues none of the claims are procedurally defaulted.  *See* Reply at 12.   Mr. Wallin, however, requests that this Court stay the instant action while he exhausts his state court remedies regarding Claims Four through Twenty-Two.

The United States Supreme Court has found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court.  *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring).  A stay and abeyance, however, is available only in limited circumstances.  *Rhines v. Webster*, 544 U.S. 269, 277 (2005).  Mr. Wallin must establish "good cause" for his failure to first exhaust the claims in state court.  *Rhines*, 544 U.S. at 277.  For the following reasons, a stay and abeyance in this

case is not proper.

As found above, the limitation period for purposes of 28 U.S.C. § 2244(d) began to run on April 8, 2008, the day after the time expired for Mr. Wallin to file a direct appeal, and ran for fifty-two days. In view of the date Mr. Wallin's direct appeal was denied, the number of postconviction filings that were pending in state court subsequent to the denial of the direct appeal, and the possibility (as suggested by Respondents) that the time from February 18, 2011, until March 31, 2011, may not be tolled, only ninety-three days have run against the one-year time limitation under § 2244(d). *See* Pre-Answer Resp., Exs. A-1 and A-2, (Doc. Nos. 21-1- and 21-2).

The time during which a proper postconviction motion is pending in state court is tolled for the purposes of § 2244(d). *See Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000). Mr. Wallin has a postconviction proceeding pending in the CCA. With only ninety-three days having run against the one-year time limitation, the Court finds no timeliness issue and no basis for staying the instant action until Mr. Wallin has exhausted his state court remedies with respect to Claims Four through Twenty-Two.

III.  Conclusion

Based on the above findings, the Court will dismiss the instant Application without prejudice as a mixed petition and refrain from addressing the merits of Respondents' procedural default arguments.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Wallin files a notice of appeal he must pay the full $455.00 appellate filing

fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Mr. Wallin's Motion for Stay and Abeyance of Habeas Corpus Action (Doc. No. 20) is denied.  It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice as a mixed petition.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   17th   day of     April        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court