IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02009-LTB

DONALD OLOYEA WALLIN, a.k.a. OLOYEA WALLIN,

    Applicant,

v.

VINCE EVERETT, Warden of KCCC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

    The matter before the Court is the "Request for Amended Order of Dismissal Without Prejudice," Doc. No. 27, that Applicant, a *pro se* prisoner litigant, filed on April 30, 2012. He seeks reconsideration of the Order of Dismissal entered on April 17, 2012. The Court must construe the Request liberally because Applicant is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The Order of Dismissal and Judgment were entered on April 17, 2012. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R.

Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Because the Request was filed within twenty-eight days after the Order of Dismissal and Judgment were entered in this action the Request is construed as a Motion to Reconsider filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Applicant is requesting a "clarification" of the Court's April 17 Order. He asks that the Court include in the April 17 Order a statement that any new habeas action filed with this Court and raising the same claims asserted in this case will not be deemed successive. He also requests that the Court preserve his right to challenge the Court's findings that fifty-two days have run against the time limitation under 28 U.S.C. § 2244(d) with respect to this habeas action.

The action was dismissed without prejudice as a mixed petition. No further clarification as suggested by Applicant is necessary. Nothing in the Court's Order of Dismissal misapprehended the facts, a party's position, or the controlling law. Accordingly, it is

ORDERED that Applicant's Request for Amended Order of Dismissal Without Prejudice, Doc. No. 64, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  4th  day of    May    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court